HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. THOMAS GOODMAN.

Decided February 1, 1905.

**1.—Negligence—Proximate Cause—Rupture by Lifting.**

Evidence considered and held to support a recovery by an employe of a telegraph company operating a hand car upon a railroad, who by negligence of the servants of the railway company in failing to give signals was exposed to danger of collision and in removing the hand car from the track to avert it suffered rupture by his own exertion; and instructions held to properly present the issues of negligence and contributory negligence.

**2.—Same.**

Plaintiff being found to have exercised due care the negligence which placed him in a position threatening danger to himself or others and caused him to injure himself in the effort to avert it, was the proximate cause of such injury.

**3.—Same—Railway—Signals at Curve—Question of Fact.**

Whether it was or was not the duty of railway employes operating its train to give signal of its approach to a curve in the track for the protection of licensees who might be using same, was a question of fact to be determined by the jury.

Appeal from the District Court of Llano County. Tried below before Hon. Clarence Martin.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.—It appearing from the allegations of plaintiff's petition that his alleged injuries were caused directly and proximately by his own act in lifting a hand car, with which defendant had naught to do, from defendant's track, where plaintiff with said hand car was at most a mere licensee; and it further appearing that the weight of said hand car and his own strength were matters peculiarly within plaintiff's knowledge, plaintiff was without right to recover herein, because his own pleading showed not only that his injuries were in no wise attributable to any act of negligence on the part of defendant, but that they were the direct and proximate result of his own negligence. Houston & T. C. R. R. Co. v. Sgalinski, 19 Texas Civ. App., 108, 46 S. W. Rep., 113; St. Louis, A. & T. Ry. Co. v. Lemon, 83 Texas, 143.

The court erred in overruling said special exception because defendant rested under no duty to plaintiff, a trespasser or at most a mere licensee, to sound the whistle on its engine when approaching the curve and cut on its line near which was plaintiff with the hand car, it not

being pretended that at the time when it is alleged said signal should have been given the persons on said engine saw or could have seen plaintiff, or that they or any of defendant's officers, agents or servants knew of the reliance alleged to have been placed on the giving of said alleged customary signals. Houston & T. C. R. R. Co. v. Sgalinski, 19 Texas Civ. App., 108, 46 S. W. Rep., 113; Texas & P. Ry. Co. v. Watkins, 88 Texas, 24; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 348.

The court erred in its charge because the same, while purporting to state to the jury the conditions under which plaintiff could not recover, reiterates and gives such undue prominence to the alleged state of facts relied on by plaintiff as to cause the jury to believe that in the opinion of the writer of the charge plaintiff was entitled to recover. Marsalis v. Crawford, 8 Texas Civ. App., 489, 28 S. W. Rep., 371; New York & T. Land Co. v. Gardner, 25 S. W. Rep., 739; Missouri, K. & T. Ry. Co. v. Rogers, 40 S. W. Rep., 849.

The court erred in its charge to the jury in submitting to the jury the issue of discovered peril, because the same was not warranted by the pleadings and the evidence. Texas & P. Ry. Co. v. Wisenor, 66 Texas, 675; Houston & T. C. Ry. Co. v. Gilmore, 62 Texas, 391; Galveston, H. & S. A. Ry. Co. v. Faber, 63 Texas, 344; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 541, 38 S. W. Rep., 242; Gulf, C. & S. F. Ry. Co. v. Vieno, 7 Texas Civ. App., 350, 26 S. W. Rep., 231; Cook v. Dennis, 61 Texas, 248.

In the concluding portion of said paragraph of the charge the court authorizes and requires the jury to find for the plaintiff if they believe from the evidence that defendant's employes, in charge of its engine, could by the use of ordinary care and diligence have seen plaintiff and said hand car on the track and have discovered the danger of a collision, and if they further believe from the evidence that said train was not stopped or its speed slackened, or that the persons in charge thereof made no effort to stop it or slacken its speed, and that such failure to stop it or slacken its speed was negligence, and that but for such negligence the injury to plaintiff would not have occurred. It is submitted that the court erred in said paragraph of the charge because the duty to stop or slacken the speed of the engine, or to attempt to stop or slow down does not arise until the peril of the person on the track is actually discovered, the duty does not and can not arise merely because a reasonably prudent man ought to have discovered the peril. An engineer might be negligent in failing to keep a lookout, or in failing to discover a person in a situation of danger, but he could not be negligent in failing to stop or slow down or attempting to stop or slow down unless he actually discovered the person on the track and his danger. Texas & P. Ry. Co. v. Breadow, 90 Texas, 27; Texas & P. Ry. Co. v. Staggs, 90 Texas, 460; Galveston, H. & S. A. Ry. Co. v. Haas, 19 Texas Civ. App., 647, 48 S. W. Rep., 541; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199; Houston & T. C. Ry. Co. v. Rippetoe, 64 S. W. Rep., 1017, 3 Texas Ct. Rep., 147.

The court erred in refusing to give special instruction No. 4, asked by defendant, which was as follows:

You are instructed that you must return a verdict for the defendant, unless you believe from a preponderance of the evidence: (a) That the

defendant, at the time and place of the accident to plaintiff, or its agents and servants in charge of its train, saw the plaintiff in his position upon the track, or must necessarily have seen him in said position; and (b) that after so seeing plaintiff, if they did see him, they were guilty of actionable negligence; and (c) that said negligence, if any, was the direct and proximate cause of plaintiffs injury, if any, that is, that the plaintiff's injury and the manner thereof, would have been apprehended by a reasonably prudent man as the natural and probable result of such negligence, if any; and (d) that plaintiff himself was not guilty of any want of ordinary care, which caused his said injury, if any, or contributed thereto. Sanches v. Railway Co., 88 Texas, 117, 119; Gulf, C. & S. F. Ry. Co. v. Sheider, 88 Texas, 152, 162; Gahagan v. B. & M. Ry. Co. (Sup. Ct. N. H.), 50 Atl. Rep., 146, s. c., 23 Am. & Eng. R. R. Cas. (n. s.), 141; International & G. N. Ry. Co. v. Lewis, 63 S. W. Rep., 1091; St. L. S. W. Ry. Co. of T. v. Martin, 26. Texas Civ. App., 231, 63 S. W. Rep., 1089; St. Louis S. W. Ry. Co. v. Branom, 73 S. W. Rep., 1064; International & G. N. R. R. Co. v. Graves, 59 Texas, 330; Texas & P. Ry. Co. v. Fuller, 5 Texas Civ. App., 660, 24 S. W. Rep., 1090; Gulf, C. & S. F. Ry. Co. v. Abendroth, 55 S. W. Rep., 1122; Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W. Rep., 590.

The court erred in refusing to give the special instruction, which would have correctly advised the jury that a railroad company has the right to use its tracks for its trains, and the men in charge of its locomotives and trains have the right to presume that said track will not be obstructed and that persons will not trespass thereon; that a railroad company is not liable for an injury which may be sustained by a person who may be on its track without legal authority, unless after such person is discovered, and the danger, if any, to which such person is exposed, is known, or by the exercise of ordinary care could have been known, to the persons in charge of and operating the approaching engine or train, said persons fail to exercise due care to prevent or avert the injury. The rule of law announced in said charge was ignored by the court in its charge to the jury and in the special instructions given. McDonald v. International & G. N. R. R. Co., 86 Texas, 1.

The rule is well settled that where a person exposes himself to danger and is injured in attempting to save the lives of others or to rescue them from some imminent peril which threatens their safety, even though under ordinary circumstances he might recover damages for injuries so sustained, yet if he by his own act or omission or by some act of negligence has brought about or has contributed to bringing about the situation of peril which threatens the life or limb of the person or persons whom he attempts to rescue, he can not recover. The court in its charge and in the special instructions given wholly failed and refused to charge on said rule of law or to submit to the jury the issue suggested above, and refused the above mentioned three special instructions, anyone of which would have properly advised the jury of the law of this branch of the case, and would have properly submitted said issue to them. Atlanta & C. Air Line Ry. Co. v. Leach, 91 Ga., 419, approved in West Chicago, etc., Ry. Co. v. Liderman, 187 Ill., 463, 52 Law. Rep. Ann., 655, 658; Condiff v. Kansas City, etc., Ry.

Co., 45 Kansas, 256, 48 Am. & Eng. R. R. Cas., 417; Evansville, etc., Ry. Co. v. Hiatt, 17 Ind., 102; Blair v. Grand Rapids, etc., Ry. Co., 60 Mich., 124; Anderson v. Northern Ry. Co., 25 U. C. C. P., 301; McMahy v. Morgan's L. & T. Ry., etc., Co., 45 La. Ann., 1329, 14 So. Rep., 61; Donahoe v. Wabash, etc., Ry. Co., 83 Mo., 560, 53 Am. Rep., 594.

The court erred in refusing to charge the jury peremptorily, as requested by defendant, to return a verdict for the defendant. Sann v. Manufacturing Co., 16 Hun, App. Div. (N. Y.), 252; Evansville, etc., Ry. Co. v. Hiatt, 17 Ind., 104; Hirschman v. Railway Co., 61 N. Y. Supp., 304.

*F. J. Johnson* and *Chas. L. Lauderdale,* for appellee.—Where the master has procured the express consent of a railroad company to use, through his servants, the track of the railroad company for the purpose of operating on said track a loaded hand car, and the railroad company has observed, and is then observing, a general and uniform custom of giving certain signals of the approach of its trains to certain points upon said track, which, when given, if observed and cautiously acted upon by such servants in the use of such hand car on said track, would prevent collision between such trains and such hand car; and where such general and uniform observance of such custom is known to and relied upon by said master and servants in the use and operation of said hand car upon said track under such express permission, the failure of said railroad company on a particular occasion, without previous notice to the master or his servants of the discontinuance of such custom, to give such signal, resulting in a collision between one of such trains and said hand car, and consequent injury to such train and the operatives thereon, when such collision would not have occurred but for such failure to give such customary signal, neither such master nor servant is liable to the railroad company for such injuries, but they are imputable to the negligence of the railroad company by reason of such failure on its part to give such customary signal.

It is proper for the trial court to, and it should, apply the law to the evidence by submitting to the jury the group or groups, of facts which it is claimed constitutes negligence of either party and telling the jury what to do upon its finding the facts proved or not. Gulf, C. & S. F. Ry. v. Morgan, 64 S. W., 688; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635.

Where the case made by the pleadings and evidence is one in which the plaintiff may recover on the ground that defendant is guilty of the acts of negligence alleged, and to prove which the evidence adduced is sufficient; and where the evidence is sufficient to sustain a finding that the plaintiff was in no way negligent, the court may properly submit the case to the jury on the question of negligence vel non on the part of the defendant, and absence of negligence on the part of the plaintiff, in which event the question of discovered peril does not arise.

The court should not instruct the jury that a presumption arises from a given state of facts unless such presumption is conclusive; and where the defendant railroad company had expressly granted to the master of certain laborers, including the plaintiff, the right to use one of defendant's hand cars upon defendant's railroad track for the purpose of

hauling heavy loads upon it, and said hand car and track were being used in accordance with such express permission, whether or not the defendant had the right to presume that such hand car would be removed in time for a particular train to pass, is, viewing it most favorably for the defendant, a question of fact to be submitted to the jury. International & G. N. R. R. Co. v. McVey, 81 S. W. Rep., 991.

The charges given fairly covered every feature of contributory negligence pleaded by defendant. Texas & P. Ry. Co. v. Best, 66 Texas, 118; St. Louis S. W. Ry. Co. v. Caseday, 40 S. W. Rep., 200; Kroeger v. Texas & P. Ry. Co., 69 S. W. Rep., 809.

To authorize the court to take the question of negligence from the jury, as by setting aside the verdict where there is some evidence to sustain it, the evidence must be of such character as that no ordinary mind could reach any other conclusion upon the evidence than that the plaintiff was guilty of contributory negligence, or that the defendant was not guilty of negligence as charged in the petition. Lee v. International & G. N. Ry. Co., 89 Texas, 583, 588.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, resulting in a verdict and judgment for the plaintiff for $2,250, and the defendant has appealed.

Plaintiff charged in his petition that as an employe of the Texas Telegraph and Telephone Company, he and other employes, with the consent of the defendant, were operating a hand car upon the defendant's railroad track; that while he and his associates were off the hand car repairing the telephone line, one of the defendant's railroad trains, negligently failing to give the usual and proper signals, approached the hand car at a rapid rate of speed, and that the plaintiff, becoming satisfied that if the hand car was not removed from the track, the railroad train would run into it, wreck the hand car, damage property thereon belonging to the plaintiff's employer, and seriously injure if not kill persons operating or riding on the train, and to avert such injury, he, without fault or negligence, and by the most extreme efforts on his part, lifted the hand car from the track and caused it to slide down an embankment; and that in so doing he exerted and strained himself to such an extent as to cause rupture of his abdomen, and other serious physical injuries.

The defendant in its answer interposed a general demurrer, special exceptions, a general denial and pleas of contributory negligence and assumed risk. The case was submitted to the jury in a very elaborate charge prepared by the court, and supplemented by certain special instructions given at the request of the defendant.

There is testimony in the record which sustains the findings of the jury in favor of the plaintiff on all the issues submitted to them; and we therefore overrule all the assignments of error which assail the verdict.

We also overrule the assignments which complain of the action of the court in refusing to sustain the general demurrer and special exceptions to the plaintiff's petition. We do not agree with appellant that the petition shows on its face that the proximate cause of the plaintiff's injuries was his own negligence and not the negligence of the defendant;

nor can we endorse the contention that under no circumstances would it become the duty of those operating a railroad engine and train to blow the whistle in approaching a curve, in order to give warning to a licensee upon the track at or near the curve. Whether or not such duty existed under the circumstances developed in this case, was a question of facts to be decided by the jury.

Appellant has presented a number of assignments complaining of the court's charge, and the refusal of requested instructions. While the charge is very lengthy and perhaps subject to academic criticism, we do not believe that it contains any error of law of which the defendant can complain. In fact, its excessive volume seems to have been brought about by a studious effort on the part of the court to submit the case to the jury in a fair and impartial manner. The court gave some of the instructions requested by the defendant; and those refused, insofar as they presented the law applicable to the case, were covered by the court's charge.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.